Walter H. Walker, III (SBN 63117)
Peter J. Koenig (SBN 132437)
Beau R. Burbidge (SBN 267267)
WALKER, HAMILTON & KOENIG, LLP
50 Francisco Street, Ste. 460
San Francisco, CA 94133
Telephone: (415) 986-3339
Facsimile: (415) 986-1618

Attorneys for Plaintiffs FILIBERTO VALENCIA, SR.
and GRISELDA VALENCIA, individually and as
successors in interest to FILIBERTO VALENCIA, JR.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| FILIBERTO VALENCIA, SR. and GRISELDA VALENCIA, individually and as successors in interest to FILIBERTO VALENCIA, JR.<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF STOCKTON, CHIEF ERIC JONES, SERGEANT DANA MOSHER, OFFICER KYLE AMANT, OFFICER JASON DIGIULIO, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF FILIBERTO VALENCIA, SR.; DECLARATION OF GRISELDA VALENCIA**<br><br>1.   **Wrongful Death - Negligence;**<br>2.   **Violation of Decedent's Fourth Amendment Rights (42 U.S.C. § 1983);**<br>3.   **Violation of Plaintiffs' Fourteenth Amendment Rights (42 U.S.C. § 1983);**<br>4.   **Violation of Bane Act (Cal. Civ. Code § 52.1);**<br>5.   **Assault;**<br>6.   **Battery;**<br>7.   **Intentional Infliction of Emotional Distress;**<br>8.   **Negligent Infliction of Emotional Distress;**<br>9.   **Inadequate and Reckless Training (42 U.S.C. § 1983)** |

1

1    Plaintiffs FILIBERTO VALENCIA, SR. and GRISELDA VALENCIA, individually and

2  as successors in interest to FILIBERTO VALENCIA, JR., complain against the above-named

3  defendants, and each of them, as follows:

4                                      **INTRODUCTION**

5    1.    This is a civil rights wrongful death/survivor action for money damages arising

6  from the death of decedent Filiberto Valencia, Jr., on January 19, 2016, in Stockton, California,

7  against all defendants for violations of California tort law and United States Constitutionally

8  guaranteed rights.  Filiberto was 26 years old at the time of his death, unmarried and without issue.

9                                **JURISDICTION AND VENUE**

10    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and

11  Fourteenth Amendments to the United States Constitution and California wrongful death and

12  survivorship law.  This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  This court

13  has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

14    3.    The injuries alleged herein occurred in the County of San Joaquin, State of

15  California, and thus venue in this Court is proper pursuant to 28 U.S.C. §§ 1931 (b) and U.S.

16  Eastern District Local Rule of Court 3-120(B).

17                                        **PARTIES**

18    4.    Plaintiffs are the natural parents, heirs, successors in interest and survivors of

19  decedent.  Filed herewith is their declaration required by California Code of Civil Procedure §

20  377.32.  They are persons described in California Code of Civil Procedure § 377.60(a) as persons

21  who may bring a wrongful death action and would be entitled to the property of the decedent by

22  intestate succession.  In their own right, they bring their Claim for Wrongful Death and

23  Survivorship and their Claim under 42 U.S.C. § 1983 for deliberate indifference to their

24  constitutionally protected interests in the companionship of their son.  They bring their claims

25  under 42 U.S.C § 1983 as successors in interest to Filiberto Valencia, Jr. for violations of Filiberto

26  Valencia, Jr.'s Constitutional rights.

27    5.    Defendant City of Stockton was and is a public entity duly organized and existing

28  under the laws of the State of California.  Defendant City of Stockton operates, manages, directs,

2

1   controls, supervises and employs members of the Fresno Police Department and DOES 1-40.

2   Defendant City of Stockton is liable for its actions alleged herein pursuant to California

3   Government Code section 815, and for the actions of its employees acting within the scope of their

4   employment pursuant to California Government Code section 815.2, among other statutes.

5         6.     Defendant Eric Jones is, and at all relevant times mentioned herein was, the Chief

6   of Police for the City of Stockton.  Defendant Jones is sued in his individual and official

7   capacities.  Upon information and belief, Defendant Jones was the policy-maker for Defendant

8   City of Stockton on the matter alleged herein, relating to the customs, policies and practices of the

9   City of Stockton Police Department, including, but not limited to, customs, policies and practices

10   related to the training, supervision, hiring and discipline of police officers and with respect to the

11   management of the City of Stockton Police Department.

12         7.     At all times mentioned herein, defendant Sergeant Dana Mosher, defendant Officer

13   Kyle Amant, defendant Officer Jason Digiulio and DOES 1-25 were employed as peace officers

14   by the City of Stockton Police Department, and each is sued individually in his or her capacity as a

15   peace officer.  By engaging in the conduct described herein, each of these defendants exceeded the

16   authority vested in him or her as peace officers under the United States Constitution and as

17   employees of the City of Stockton and its Police Department.

18         8.     The true names and capacities of Defendants sued herein as DOES 1-50 are not

19   presently known to plaintiffs, who therefore sue said defendants by such fictitious names.

20   Plaintiffs will move to amend this complaint to show their true names and capacities when same

21   are ascertained.

22         9.     Plaintiffs are informed and believe and thereupon allege that each of the defendants

23   sued herein acted at least negligently, wrongfully, unreasonably, without justifiable cause and with

24   deliberate indifference to obvious known risks and consequences, and otherwise and therefore is

25   responsible in some manner for the events described herein that proximately caused the death of

26   Stephen Willis and the damages to plaintiffs.

27       10.     Plaintiffs are informed and believe and thereupon allege that each of the defendants

28   at all relevant times herein was an agent, servant, or employee of each of the remaining

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF FILIBERTO VALENCIA, SR.; DECLARATION OF GRISELDA VALENCIA

1  defendants, and in doing the things alleged herein was acting within the course and scope of that

2  relationship.

3         11.     Plaintiffs are further informed and believe and thereupon allege that each of the

4  defendants, at all relevant times herein, gave consent, and assistance to each of the remaining

5  defendants and ratified and/or authorized the acts or omissions of each defendant.

6         12.     Plaintiffs are further informed and believe and thereupon allege that each of the

7  defendants was jointly engaged in tortious activity resulting in the deprivation of plaintiffs'

8  Constitutional rights and other harm.

9         13.     Plaintiffs are further informed and believe, and thereupon allege, that at all times

10  herein mentioned, the acts and omissions of the various defendants, and each of them, occurred

11  and contributed to the various acts and omissions of each and all of the other defendants in

12  proximately causing the injuries and damages herein alleged.

13         14.     At all relevant times herein, each defendant acted under color of laws, statutes,

14  ordinances, policies, practices, customs and usages of the City of Stockton, State of California, or

15  the Stockton Police Department.

16         15.     Plaintiffs filed a timely government claim pursuant to California Government Code

17  §910, et seq., which claim was rejected when it expired without timely action by the applicable

18  government defendants.

19  **FIRST CLAIM**

20  **(Wrongful Death-Negligence - Against Defendants City of Stockton, Sergeant Moser,**

21  **Officers Amant and Digiulio, and Does 1-50)**

22         16.     Plaintiffs refer to each and every paragraph of this complaint and incorporate said

23  allegations by reference as though the same were herein fully set forth.

24         17.     On or about January 19, 2016, decedent Filiberto Valencia, Jr., while undergoing a

25  paranoid episode as a result of an aberrant mental condition, was accosted by various law

26  enforcement officers including, but not limited to, Stockton Police personnel Mosher, Amant, and

27  Digiulio.

28         18.     Upon cornering Filiberto Valencia, Jr., said officers handcuffed him, Tasered him,

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF FILIBERTO VALENCIA,
SR.; DECLARATION OF GRISELDA VALENCIA

1   and beat him with batons until he died.

2       19.     The actions of Stockton Police Officers were conducted by or under the supervision

3   of defendant Sergeant Mosher and one or more senior officers in the Stockton Police Department,

4   sued herein as DOES 6-15, and were ratified by defendant Chief Jones, who authorized public

5   statements asserting the propriety of the Tasering, handcuffing, and beating of Filiberto Valencia,

6   Jr.

7       20.     The attack on Filiberto Valencia, Jr., and the Tasering, beating and other acts

8   perpetrated by Stockton Police on Filiberto Valencia, Jr., were without cause and with

9   unreasonable and excessive force and deliberate indifference to his safety, health, and life.

10      21.     By deliberately and intentionally Tasering and beating decedent Filiberto Valencia,

11  Jr., defendants Mosher, Amant, and Diguilio and DOES 1-8 intended to and did cause serious

12  injury and death to Filiberto Valencia, Jr.  Such actions were in conscious and reckless disregard

13  of the risk of injury and death and under the circumstances there was no objectively reasonable

14  basis for the defendants' actions in Tasering and beating and ultimately killing decedent Filiberto

15  Valencia, Jr.

16      22.     Reasonable alternatives were available to defendants other than to handcuff, Taser

17  and beat Filiberto Valencia, Jr., with batons.  The death of Filiberto Valencia, Jr., was the

18  proximate and legal result of Tasering and beating him without having taken proper and

19  procedural steps to ascertain he was suffering from mental illness.

20      23.     Plaintiffs are informed and believe that defendants herein and other officers

21  employed by or acting on behalf of other defendants concealed and falsified material information

22  and otherwise attempted to cover up their misconduct, violations of Constitutional rights and other

23  tortious and unlawful actions.

24      24.     Defendants City of Stockton and DOES 30-50, and each of them, are vicariously

25  responsible and liable for the conduct of the employees that occurred within the course and scope

26  of their employment and duties, and pursuant to California Government Code § 815.2, *et seq*.

27      25.     Prior to the death of decedent Filiberto Valencia, Jr., plaintiffs Filiberto, Sr., and

28  Griselda Valencia were in close and constant contact with decedent and were dependent on him

5

1  for love, comfort, companionship, familial relationship, support and maintenance.  At all times

2  prior to his death, decedent was a loving, faithful, dutiful son to plaintiffs.

3      26.      As a direct and proximate result of the acts and omissions of defendants as set forth

4  above, including the gross negligence, carelessness, and deliberate indifference to decedent's

5  safety and Constitutional rights, and the wrongful death of Filiberto Valencia, Jr.,  plaintiffs have

6  sustained compensable loss resulting from the loss of his care, comfort, society, attention,

7  services, affection, familial relationship, companionship, love, and support as provided in section

8  377.61 of the California Code of Civil Procedure, all in an amount not yet determined, but within

9  the general jurisdictional requisites of this Court, and to be proven at trial.

10     27.      As a further direct and proximate result of the actions and omissions described

11  above, plaintiffs have incurred expenses for the care and treatment of decedent, including but not

12  limited to funeral and burial expenses, the amount of which will be proven at trial.

13     28.      As a further direct and proximate result of the actions and omissions described

14  above, Filiberto Valencia, Jr., suffered personal injury and property damage before he died.  As

15  successors in interest to the decedent, plaintiffs are entitled to recover all personal injury and

16  property damage sustained by the decedent before his death, as provided in section 377.34 of the

17  California Code of Civil Procedure.

18     29.      At all relevant times herein, the actions and omissions of defendants and each of

19  them, as set forth above, were conducted or occurred deliberately, intentionally, knowingly,

20  maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and

21  safety of decedent Filiberto Valencia, Jr., entitling the plaintiffs to an award of exemplary

22  damages and as successors in interest to the decedent as provided by section 377.34 of the

23  California Code of Civil Procedure, and *Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir.

24  2014).

25     WHEREFORE, plaintiffs pray for judgment as set forth below.

26  ///

27  ///

28  ///

6

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF FILIBERTO VALENCIA,
SR.; DECLARATION OF GRISELDA VALENCIA

## SECOND CLAIM

**(Violation of Decedent's Fourth Amendment Rights, 42 U.S.C. § 1983 - Against All Defendants)**

30.     Plaintiffs refer to each and every paragraph of this complaint and incorporate said allegations by reference as though the same were herein fully set forth.

31.     Plaintiffs are informed and believe that City of Stockton Police Department maintained customs, policies, and/or practices whereby Stockton Police Officers were encouraged, authorized and/or permitted to engage in civil rights violations such as employing unnecessary and unreasonable force, preparing and filing false police reports, and fabricating evidence; which course of conduct is tantamount to a custom, policy and practice of condoning and tacitly encouraging the abuse of police authority and disregard for the Constitutional rights of citizens.

32.     Plaintiffs are further informed and believe that abuses of civil rights were the product of a culture of tolerance within the City of Stockton Police Department.  This culture is rooted in the deliberate indifference of high-ranking City officials, including but not limited to Defendant Chief Jones and/or other City of Stockton Police Department officials and/or supervisors, individually and/or acting in concert with one another, who have routinely acquiesced in the misconduct and otherwise failed to take necessary measures to prevent and curtail such misconduct.

33.     Plaintiffs are further informed and believe that the City of Stockton Police Department maintained customs, policies, and/or practices whereby they: failed to ensure that officers were not encouraged by their training officers, in the academy or elsewhere, to engage in acts of misconduct against citizens or to falsify reports and evidence; failed to fully and/or fairly investigate alleged police misconduct so that appropriate and timely disciplinary action and/or training could be taken regarding officers shown to have a history of complaints; and/or failed to promptly remove or terminate officers who repeatedly violated the rights of citizens and/or engaged in the types of misconduct alleged herein.

34.     The incident described herein was caused by the deliberate indifference of Defendants City of Stockton, Jones, and/or other high-ranking Police Department officials and/or

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF FILIBERTO VALENCIA, SR.; DECLARATION OF GRISELDA VALENCIA

1   supervisors with regard to the need for more or different training and/or supervision and/or

2   discipline of its police officers, including but not limited to Defendants Mosher, Amant, and

3   Digiulio.

4       35.    Plaintiffs are further informed and believe that as a result of Defendant City of

5   Stockton's practice of indifference, it became an accepted practice within the City of Stockton

6   Police Department for police officers to abide by a "Code of Silence."  Under this Code, police

7   officers charged with upholding the law routinely ignored or otherwise failed to report or take

8   action against fellow police officers who engaged in misconduct, including but not limited to

9   Defendants Mosher, Amant, and Digiulio.

10      36.    Prior to the subject incident, Defendants City of Stockton, Jones and/or other high-

11   ranking members of the City of Stockton Police Department were on actual notice of problems

12   with the accountability of Stockton Police Officers, including but not limited to problems with the

13   ability of the Internal Affairs Bureau of the City of Stockton Police Department to fully, fairly,

14   and objectively investigate complaints concerning misconduct of members of the City of Stockton

15   Police Department.

16      37.    The death of Filiberto Valencia, Jr., has never been fully, fairly and objectively

17   investigated, nor have the officers involved been properly disciplined or held accountable for their

18   conduct.

19      38.    Plaintiffs are further informed and believe that the subject incident was the result of

20   a custom, policy, pattern and/or practice of Defendants City of Stockton, Jones and/or other high-

21   ranking officials of the City of Stockton and/or Stockton Police Department whereby citizens,

22   such as decedent, who lived in low-income and predominantly minority neighborhoods, were

23   disproportionately subjected to greater incidences of excessive force, police brutality, and

24   unreasonable searches and seizures.

25      39.    Despite having notice of customs, policies, patterns and/or practices by members of

26   the City of Stockton Police Department, whereby citizens who lived in low-income and

27   predominantly minority neighborhoods were disproportionately subjected to greater incidences of

28   excessive force, police brutality, unreasonable searches and seizures.  Defendants City of

1   Stockton, Jones, and/or other high-ranking officials of the City of Stockton and/or Stockton Police

2   Department failed to take any or appropriate remedial action to prevent such continuing

3   misconduct.  Instead, the Police Department and Chief Jones had a custom, policy, pattern and/or

4   practice of making what were at times false, circumstantial or unfounded statements to the press

5   that at the time of the shooting the victim posed a threat to others.

6          40.     As a result of customs, policies, practices and/or the lack thereof, Defendants City

7   of Stockton, Jones and/or other high-ranking supervisors of the City of Stockton and/or Stockton

8   Police Department have encouraged, authorized, ratified, condoned and/or have failed to remedy

9   continuing acts of misconduct and civil-rights violations, including, but not limited to, those which

10  have resulted in the damages alleged herein.

11         41.     By and because of the conduct alleged above, Defendants Mosher, Amant,

12  Digiulio, Jones and DOES 1-50, and each of them, acting under color of the law of the State of

13  California, deprived decedent Filiberto Valencia, Jr., of his rights, privileges and immunities

14  secured by the Constitution of the United States, as well as Federal law, including but not limited

15  to rights secured by the Fourth Amendment of the United States Constitution to be free from

16  unreasonable searches and seizures.

17         42.     At all relevant times herein, the actions and omissions of said defendants, and each

18  of them, as set forth above, occurred deliberately, intentionally, knowingly, maliciously, willfully,

19  wantonly and with conscious and reckless disregard for plaintiffs' rights, entitling plaintiffs to an

20  award of exemplary damages.

21         WHEREFORE, plaintiffs pray for judgment as set forth below.

22                                     **THIRD CLAIM**

23  **(Violation of Plaintiffs' Fourteenth Amendment Rights, 42 U.S.C § 1983 - - Against All**

24                                     **Defendants)**

25         43.     Plaintiffs refer to each and every paragraph of this complaint and incorporate said

26  allegations by reference as though the same were herein fully set forth.

27         44.     By the conduct alleged above, defendants, and each of them, acting under color of

28  the law of the State of California and with deliberate indifference to the rights of plaintiffs,

9

1  deprived said plaintiffs of their rights, privileges and immunities secured by the Constitution of the

2  United States, as well as Federal law, including but not limited to the Fourteenth Amendment's

3  right not to be deprived of life or liberty without due process of law.

4          45.     As a direct and proximate result of the conduct by defendants alleged above, and

5  the wrongful death of decedent Filiberto Valencia, Jr., plaintiffs have sustained pecuniary loss

6  resulting from the loss of care, comfort, society, attention, services, affection, familial relationship,

7  companionship and love from decedent, all in an amount not yet determined, but within the

8  general jurisdictional requisites of this Court, and to be proven at trial.

9          46.     As a further direct and proximate result of defendants' gross negligence,

10  carelessness and deliberate indifference to decedent's safety, and the wrongful death of decedent,

11  plaintiffs have incurred incidental expenses, including but not limited to funeral and burial

12  expenses, the amount of which will be proven at time of trial.

13          47.     At all relevant times, the actions and omissions of defendants, and each of them, as

14  set forth above, were made deliberately, intentionally, maliciously, willfully, wantonly and with

15  conscious disregard for the rights of plaintiffs, thereby entitling plaintiffs to an award of

16  exemplary damages.

17          WHEREFORE, plaintiffs pray for judgment as set forth below.

18                                    **FOURTH CLAIM**

19          **(Violation of Bane Act, Cal. Civ. Code § 52.1, against all Defendants)**

20          48      Plaintiffs refer to each and every paragraph of this complaint and incorporate said

21  allegations by reference as though the same were herein fully set forth.

22          49.     The Bane Act, California Civil Code section 52.1, allows anyone whose

23  constitutional or statutory rights have been interfered with by threats, intimidation, or coercion to

24  bring suit.  A plaintiff bringing suit pursuant to the Bane Act need not allege that the defendants

25  acted with discriminatory intent, so long as the defendants' acts were accompanied by the requisite

26  threats, intimidation, or coercion.  Where there has been an unlawful arrest and excessive force is

27  applied in making the arrest, there has been coercion sufficient to constitute a violation of the

28  Bane Act.

10

50.     The attack on Filiberto Valencia, Jr., and the Tasering, beating and other acts perpetrated by Stockton Police on Filiberto Valencia, Jr., were without cause and with unreasonable and excessive force and deliberate indifference to his safety, health, and life.  As such, they were an unreasonable seizure in violation of decedent's rights secured by the Fourth Amendment of the United States Constitution and Article I, Section 13 of the California Constitution, among other statutes and constitutional provisions.

51.     Through the conduct alleged herein, Defendants, and each of them, interfered or attempted to interfere, through threats, intimidation, and/or coercion, with decedent's rights secured under state and federal laws and under the state and federal Constitutions, including but not limited to decedent's rights secured by the Fourth Amendment of the United States Constitution and Article I, Section 13 of the California Constitution.

52.     As a direct and proximate result of the conduct by defendants alleged above, and the wrongful death of decedent Filiberto Valencia, Jr., plaintiffs have sustained pecuniary loss resulting from the loss of care, comfort, society, attention, services, affection, familial relationship, companionship and love from decedent, all in an amount not yet determined, but within the general jurisdictional requisites of this Court, and to be proven at trial.

53.     As a further direct and proximate result of defendants' conduct, plaintiffs have incurred incidental expenses, including but not limited to funeral and burial expenses, the amount of which will be proven at time of trial.

54.     The conduct alleged herein entitles Plaintiffs to recover actual damages, civil penalties, attorneys' fees and costs, and other allowable damages pursuant to the provisions of the Bane Act.

55.     At all relevant times, the actions and omissions of defendants, and each of them, as set forth above, were made deliberately, intentionally, maliciously, willfully, wantonly and with conscious disregard for the rights of plaintiffs, thereby entitling plaintiffs to an award of exemplary damages.

WHEREFORE, plaintiffs pray for judgment as set forth below.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF FILIBERTO VALENCIA, SR.; DECLARATION OF GRISELDA VALENCIA

**FIFTH CLAIM**

**(Assault against all Defendants)**

56    Plaintiffs refer to each and every paragraph of this complaint and incorporate said allegations by reference as though the same were herein fully set forth.

57.    Through the conduct alleged herein, defendants, and each of them, intended to cause harmful and/or offensive contact with decedent, and decedent reasonably believed he was about to be touched in a harmful and/or offensive manner.

58.    Through the conduct alleged herein, defendants, and each of them, threatened to touch decedent in a harmful and/or offensive manner and it reasonably appeared to decedent that they were about to carry out that threat.  Decedent did not consent to this conduct.

59.    As a direct and proximate result of the conduct by defendants alleged above, and the wrongful death of decedent Filiberto Valencia, Jr., plaintiffs have sustained pecuniary loss resulting from the loss of care, comfort, society, attention, services, affection, familial relationship, companionship and love from decedent, all in an amount not yet determined, but within the general jurisdictional requisites of this Court, and to be proven at trial.

60.    As a further direct and proximate result of defendants' conduct, plaintiffs have incurred incidental expenses, including but not limited to funeral and burial expenses, the amount of which will be proven at time of trial.

61.    At all relevant times, the actions and omissions of defendants, and each of them, as set forth above, were made deliberately, intentionally, maliciously, willfully, wantonly and with conscious disregard for the rights of plaintiffs, thereby entitling plaintiffs to an award of exemplary damages.

WHEREFORE, plaintiffs pray for judgment as set forth below.

**SIXTH CLAIM**

**(Battery against all Defendants)**

62    Plaintiffs refer to each and every paragraph of this complaint and incorporate said allegations by reference as though the same were herein fully set forth.

63.    Through the conduct alleged herein, defendants, and each of them, caused decedent

12

1  to be touched with the intent to harm and offend decedent, and decedent did not consent to this
2  touching.

3      64.    As a direct and proximate result of the conduct by defendants alleged above, and
4  the wrongful death of decedent Filiberto Valencia, Jr., plaintiffs have sustained pecuniary loss
5  resulting from the loss of care, comfort, society, attention, services, affection, familial relationship,
6  companionship and love from decedent, all in an amount not yet determined, but within the
7  general jurisdictional requisites of this Court, and to be proven at trial.

8      65.    As a further direct and proximate result of defendants' conduct, plaintiffs have
9  incurred incidental expenses, including but not limited to funeral and burial expenses, the amount
10  of which will be proven at time of trial.

11      66.    At all relevant times, the actions and omissions of defendants, and each of them, as
12  set forth above, were made deliberately, intentionally, maliciously, willfully, wantonly and with
13  conscious disregard for the rights of plaintiffs, thereby entitling plaintiffs to an award of
14  exemplary damages.

15      WHEREFORE, plaintiffs pray for judgment as set forth below.

16                              **SEVENTH CLAIM**

17  **(Intentional Infliction of Emotional Distress Against Sergeants Mosher, Officers Amant and**
18                              **Digiulio, and DOES 1-15)**

19      67.    Plaintiffs refer to each and every paragraph of this complaint and incorporate said
20  allegations by reference as though the same were herein fully set forth.

21      68.    The conduct of defendants Mosher, Amant, Digiulio and DOES 1-15 in
22  handcuffing Filiberto Valencia, Jr., and in Tasering and beating him with their batons was
23  outrageous in concept and execution.

24      69.    The conduct of said defendants was outrageous and intentionally caused, or was
25  performed with reckless disregard for the probability of causing, emotional distress to Filiberto
26  Valencia, Jr.

27      70.    Before his death, Filiberto Valencia, Jr., suffered severe or extreme emotional
28  distress as a direct and proximate result of the outrageous conduct of said defendants.

1      71.    The conduct herein alleged was malicious and oppressive, entitling plaintiffs, as

2  successors in interest to Filiberto Valencia, Jr., are entitled to an award of exemplary damages.

3      WHEREFORE, plaintiffs pray for judgment against defendants Mosher, Amant, Digiulio

4  and DOES 1-15, and each of them, as set forth below.

5                              **EIGHTH CLAIM**

6   **(Negligent Infliction of Emotional Distress Against Sergeants Mosher, Officers Amant and**

7                           **Digiulio, and DOES 1-15)**

8      72.    Plaintiffs refer to each and every paragraph of this complaint and incorporate said

9  allegations by reference as though the same were herein fully set forth.

10      73.    The conduct of defendants Mosher, Amant, Digiulio and DOES 1-15 in

11  handcuffing Filiberto Valencia, Jr., and in Tasering and beating him with their batons was

12  outrageous in concept and execution.

13      74.    The conduct of said defendants, as described herein, was negligent.

14      75.    Before his death, Filiberto Valencia, Jr., suffered severe or extreme emotional

15  distress as a direct and proximate result of the outrageous conduct of said defendants.

16      WHEREFORE, plaintiffs pray for judgment against defendants Mosher, Amant, Digiulio

17  and DOES 1-15, and each of them, as set forth below.

18                              **NINTH CLAIM**

19   **(Inadequate and Reckless Training, 42 U.S.C. §1983 - - Against City of Stockton, Chief**

20                        **Jones, and DOES 30-50)**

21      76.    Plaintiffs refer to paragraphs 1 through 52 above and incorporate them in full by

22  this reference.

23      77.    Prior to and on January 19, 2016, employees and agents of defendants City of

24  Stockton, Chief Jones, and DOES 30-50, and each of them, in the capacity of official policy

25  makers for the City of Stockton, undertook the training, retraining, supervision and discipline of

26  police and other law enforcement officers they employed or caused to be employed.

27      78.    The acts and/or omissions alleged in the complaint herein are indicative and

28  representative of a repeated course of conduct by members of the City of Stockton Police

1  Department, including but not limited to failing or refusing to recognize signs and indications of

2  mental illness, which course of conduct is tantamount to a custom, policy and practice of

3  condoning and tacitly encouraging the abuse of police authority and disregard for the

4  Constitutional rights of citizens.

5      79.    Plaintiffs are further informed and believe and thereon allege that the acts alleged

6  herein are the direct and proximate result of the deliberate indifference of defendants City of

7  Stockton, Chief Jones, and DOES 30-50, and each of them, to repeated acts of police misconduct

8  that have been tacitly authorized, encouraged or condoned by City of Stockton, Chief Jones, and

9  DOES 30-50, and each of them.

10     80.    The injuries to plaintiffs and death of decedent were the foreseeable and proximate

11 result of said customs, policies, patterns and/or practices of the City of Stockton, Chief Jones, and

12 DOES 30-50, and each of them.

13     81.    Plaintiffs are further informed and believe and thereon allege that the damages

14 sustained as alleged herein were the direct and proximate result of City of Stockton's, Chief

15 Jones's and DOES 30-50's customs and/or policies and deliberate indifference in the training,

16 retraining, supervision and/or discipline of members of the City of Stockton Police Department

17 both in use of force and in failing or refusing to recognize signs and indications of mental illness.

18     82.    Plaintiffs are further informed and believe and upon such information and belief

19 allege that plaintiffs' damages and injuries were caused by customs, policies, patterns or practices

20 of the City of Stockton, Chief Jones, DOES 30-50, and each of them, of deliberate indifference in

21 the training, retraining, supervision and/or discipline of members of the City of Stockton Police

22 Department and/or other law enforcement officers acting in concert with them, including but not

23 limited to defendants Mosher, Amant, Digiulio and DOES 1-15.

24     83.    The actions of the individual defendants and DOES 1-50 conformed to official

25 policy, custom or practice of the City of Stockton.

26     84.    The aforementioned customs, policies or practices of defendant City of Stockton,

27 Chief Jones, and DOES 30-50, and each of them, resulted in the deprivation of plaintiffs'

28 Constitutional rights.

1    WHEREFORE, plaintiffs pray for judgment against defendants City of Stockton, Chief

2  Jones, and DOES 30-50, and each of them, as set forth below.

3                                    **PRAYER FOR RELIEF**

4    Plaintiffs pray for judgment against defendants, and each of them, as follows:

5    1.    For compensatory damages in a sum to be determined at the time of trial;

6    2.    For general damages in a sum to be determined at the time of trial;

7    3.    For treble damage as provided by law, including but not limited to California Civil

8          Code § 52;

9    4.    For punitive damages in an amount appropriate to punish or make an example of

10         the individually named police officers, in an amount according to proof;

11   5.    For civil penalties as provided by law, including but not limited to California Civil

12         Code § 52;

13   6.    For prejudgment interest;

14   7.    For attorneys' fees as provided by law, including but not limited to 42. U.S.C. §

15         1988 and California Civil Code § 52;

16   8.    For costs of suit incurred herein; and

17   9.    For such other and further relief as the Court may deem just and proper.

18
   DATED: August 31, 2016                  WALKER, HAMILTON & KOENIG, LLP
19

20

21                                  By:  _____/s/ Walter H. Walker, III_____
                                         Walter H. Walker, III
22                                       Attorney for Plaintiffs FILIBERTO
                                         VALENCIA, SR. and GRISELDA
23                                       VALENCIA, individually and as
                                         successors in interest to FILIBERTO
24                                       VALENCIA, JR.

25

26

27

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF FILIBERTO VALENCIA,
SR.; DECLARATION OF GRISELDA VALENCIA

1                                 **DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a trial by jury on all issues herein alleged.

3

4 DATED: August 31, 2016             WALKER, HAMILTON & KOENIG, LLP

5

6                               By:     /s/ Walter H. Walker, III

7                                     Walter H. Walker, III
                                    Attorney for Plaintiffs FILIBERTO

8                                     VALENCIA, SR. and GRISELDA
                                    VALENCIA, individually and as

9                                     successors in interest to FILIBERTO
                                    VALENCIA, JR.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; DECLARATION OF FILIBERTO VALENCIA,
SR.; DECLARATION OF GRISELDA VALENCIA

**DECLARATION OF FILIBERTO VALENCIA, SR.**
**AS FILIBERTO C. VALENCIA'S BENEFICIARY AND SUCCESSOR IN INTEREST**

I, FILIBERTO VALENCIA, SR., declare:

1.      I am the father of decedent Filiberto C. Valencia ("Decedent") who died on January 19, 2016, in Stockton, California.  I am currently married to Griselda Valencia, Decedent's mother.  A certified copy of Decedent's death certificate is attached hereto as **EXHIBIT A**.

2.      No proceeding has been, is now being, or will be conducted in California or any other state for administration of Decedent's estate.

3.      Decedent died intestate.  Decedent never married and never had a domestic partner.  Decedent had no children, stepchildren, or other issue.  Decedent was living with me in my residence at the time of his death.

4.      I am Decedent's beneficiary as defined in Probate Code section 24.  I am therefore entitled to Decedent's patient records pursuant to Health and Safety Code section 123105(e)(4).

5.      As Decedent's father, I am Decedent's heir and Decedent's estate passes to me and my wife equally pursuant to Probate Code section 6402(b).  I am also a beneficiary of Decedent's estate pursuant to Code of Civil Procedure section 377.10.  I am also Decedent's successor in interest pursuant to Code of Civil Procedure section 377.11, and I, along with my wife, succeed to Decedent's interest in any action or proceeding.

6.      No other person has a superior right to commence any action at law or to be substituted for Decedent in any pending action at law.

7.      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: March  6 , 2016

By: _Filiberto Valencia_
FILIBERTO VALENCIA, SR.

1
DECLARATION OF FILIBERTO VALENCIA, SR.
AS FILIBERTO C. VALENCIA'S BENEFICIARY AND SUCCESSOR IN INTEREST

# EXHIBIT A

CERTIFICATION OF VITAL RECORD

# SAN JOAQUIN COUNTY
## PUBLIC HEALTH SERVICES
### STOCKTON, CALIFORNIA

| STATE FILE NUMBER 3052016012402 | CERTIFICATE OF DEATH STATE OF CALIFORNIA | LOCAL REGISTRATION NUMBER 3201639000257 |
|---|---|---|

| | 1. NAME OF DECEDENT– FIRST (Given) FILIBERTO | 2. MIDDLE CARRILLO | 3. LAST (Family) VALENCIA | |
|---|---|---|---|---|
| DECEDENT'S PERSONAL DATA | AKA, ALSO KNOWN AS – include full AKA (FIRST, MIDDLE, LAST) | | 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs 26 | 6. SEX M |
| | 9. BIRTH STATE/FOREIGN COUNTRY CA | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? YES [X] NO | 12. MARITAL STATUS/SDP (at Time of Death) NEVER MARRIED | 7. DATE OF DEATH mm/dd/ccyy 01/19/2016 | 8. HOUR (24 Hours) 1850 |
| | 13. EDUCATION – Highest Level/Degree 12 ND | 14/15. WAS DECEDENT HISPANIC/LATINO(A)/SPANISH? [X] YES HISPANIC | 16. DECEDENT'S RACE MEXICAN | | |
| | 17. USUAL OCCUPATION FARM LABORER | 18. KIND OF BUSINESS OR INDUSTRY AGRICULTURE | | 19. YEARS IN OCCUPATION 6 |
| USUAL RESIDENCE | 20. DECEDENT'S RESIDENCE 3234 BARBARA STREET | | | |
| | 21. CITY STOCKTON | 22. COUNTY/PROVINCE SAN JOAQUIN | 23. ZIP CODE 95205 | 24. YEARS IN COUNTY 26 | 25. STATE/FOREIGN COUNTRY CA |
| INFORMANT | 26. INFORMANT'S NAME, RELATIONSHIP FILIBERTO VALENCIA, FATHER | | 27. INFORMANT'S MAILING ADDRESS 3234 BARBARA STREET, STOCKTON, CA 95205 | |
| SPOUSE/SDP AND PARENT INFORMATION | 28. NAME OF SURVIVING SPOUSE/SDP–FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) | |
| | 31. NAME OF FATHER/PARENT–FIRST FILIBERTO | 32. MIDDLE | 33. LAST VALENCIA | 34. BIRTH STATE MEXICO |
| | 35. NAME OF MOTHER/PARENT–FIRST GRISELDA | 36. MIDDLE | 37. LAST (BIRTH NAME) CARRILLO | 38. BIRTH STATE MEXICO |
| FUNERAL DIRECTOR/ LOCAL REGISTRAR | 39. DISPOSITION DATE mm/dd/ccyy 01/26/2016 | 40. PLACE OF FINAL DISPOSITION SAN JOAQUIN CATHOLIC CEMETERY CEMETERY LANE & HARDING WAY, STOCKTON, CA 95204 | | |
| | 41. TYPE OF DISPOSITION(S) BU | 42. SIGNATURE OF EMBALMER ▶ KRISTI DAVIS | 43. LICENSE NUMBER EMB8374 |
| | 44. NAME OF FUNERAL ESTABLISHMENT CANO FUNERAL HOME | 45. LICENSE NUMBER FD1576 | 46. SIGNATURE OF LOCAL REGISTRAR ▶ ALVARO GARZA, MD, MPH | 47 DATE mm/dd/ccyy 01/22/2016 |
| PLACE OF DEATH | 101. PLACE OF DEATH RESIDENCE | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE Decedent's Home [X] Other |
| | 104. COUNTY SAN JOAQUIN | 105. FACILITY ADDRESS 3133 NICOLE STREET | 106. CITY STOCKTON |
| CAUSE OF DEATH | 107. CAUSE OF DEATH IMMEDIATE CAUSE (A) PENDING HISTOLOGY AND TOXICOLOGY | | Time Interval Between Onset and Death [X] YES NO |
| | Sequentially list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events in death) LAST (B) (C) (D) | | 108. FIRST REPORTED TO CORONER? [X] YES NO 2016-0148 |
| | | | 109. BIOPSY PERFORMED? YES [X] NO |
| | | | 110. AUTOPSY PERFORMED? [X] YES NO |
| | | | 111. USED IN DETERMINING CAUSE? [X] YES NO |
| | 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 | | |
| | 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? | | 113A. IF FEMALE, PREGNANT IN LAST YEAR? YES NO UNK |
| PHYSICIAN'S CERTIFICATION | 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Decedent Attended Since (A) mm/dd/ccyy Decedent Last Seen Alive (B) mm/dd/ccyy | | 115. LICENSE NUMBER 116. DATE mm/dd/ccyy |
| | | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | |
| CORONER'S USE ONLY | 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. MANNER OF DEATH: Natural Accident Homicide Suicide [X] Could not be determined Pending Investigation | 120. INJURED AT WORK? YES NO UNK | 121. INJURY DATE mm/dd/ccyy 122. HOUR (24 Hours) |
| | 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) | | |
| | 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) | | |
| | 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) | | |
| | 126. SIGNATURE OF CORONER / DEPUTY CORONER ▶ FRANKIE E MEHRER JR | 127. DATE mm/dd/ccyy 01/20/2016 | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER FRANKIE E MEHRER JR, DEPUTY CORONER |
| STATE REGISTRAR | A B C D E | FAX AUTH.# | CENSUS TRACT |

*01000103144433*

CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } SS.
COUNTY OF SAN JOAQUIN }

DATE ISSUED: **JAN 2 6 2016**

*000727732*

This is a true and exact reproduction of the document officially registered
and placed on file with San Joaquin County Public Health Services.



ALVARO GARZA, M.D., M.P.H.
LOCAL REGISTRAR

This copy not valid unless prepared on engraved border displaying date and signature of Registrar


ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

**DECLARATION OF GRISELDA VALENCIA**
**AS FILIBERTO C. VALENCIA'S BENEFICIARY AND SUCCESSOR IN INTEREST**

I, GRISELDA VALENCIA, declare:

1.      I am the mother of decedent Filiberto C. Valencia ("Decedent") who died on January 19, 2016, in Stockton, California. I am currently married to Filiberto Valencia, Sr., Decedent's father. A certified copy of Decedent's death certificate is attached as **EXHIBIT A**.

2.      No proceeding has been, is now being, or will be conducted in California or any other state for administration of Decedent's estate.

3.      Decedent died intestate. Decedent never married and never had a domestic partner. Decedent had no children, stepchildren, or other issue. Decedent was living with me in my residence at the time of his death.

4.      I am Decedent's beneficiary as defined in Probate Code section 24. I am therefore entitled to Decedent's patient records pursuant to Health and Safety Code section 123105(e)(4).

5.      As Decedent's mother, I am Decedent's heir and Decedent's estate passes to me and my husband equally pursuant to Probate Code section 6402(b). I am also a beneficiary of Decedent's estate pursuant to Code of Civil Procedure section 377.10. I am also Decedent's successor in interest pursuant to Code of Civil Procedure section 377.11, and I, along with my husband, succeed to Decedent's interest in any action or proceeding.

6.      No other person has a superior right to commence any action at law or to be substituted for Decedent in any pending action at law.

7.      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: March  6  , 2016

By: _Griselda Valencia_
GRISELDA VALENCIA

1

# EXHIBIT A

CERTIFICATION OF VITAL RECORD

# SAN JOAQUIN COUNTY

## PUBLIC HEALTH SERVICES

### STOCKTON, CALIFORNIA

3052016012402 | **CERTIFICATE OF DEATH** | 3201639000257

STATE FILE NUMBER | STATE OF CALIFORNIA / USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS / VS-11 (REV 1/08) | LOCAL REGISTRATION NUMBER

**DECEDENT'S PERSONAL DATA**

| 1. NAME OF DECEDENT– FIRST (Given) FILIBERTO | 2. MIDDLE CARRILLO | 3. LAST (Family) VALENCIA | | |
|---|---|---|---|---|
| AKA ALSO KNOWN AS - Include full AKA (FIRST, MIDDLE, LAST) | | | | |
| 4. DATE OF DEATH mm/dd/ccyy | 5. AGE Yrs 26 | IF UNDER ONE YEAR Months / Days | IF UNDER 24 HOURS Hours / Minutes | 6. SEX M |
| 7. BIRTH STATE/FOREIGN COUNTRY CA | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? YES / X NO / UNK | 12. MARITAL STATUS/RDP (at Time of Death) NEVER MARRIED | 7. DATE OF DEATH mm/dd/ccyy 01/19/2016 | 8. HOUR (24 Hours) 1850 |
| 13. EDUCATION – Highest Level/Degree (see worksheet on back) 12 ND | 14/15. WAS DECEDENT HISPANIC/LATINO(A)/SPANISH? (see worksheet on back) X YES HISPANIC / NO MEXICAN | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) MEXICAN | | |
| 17. USUAL OCCUPATION – Type of work for most of life, DO NOT USE RETIRED FARM LABORER | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) AGRICULTURE | 19. YEARS IN OCCUPATION 6 | | |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) 3234 BARBARA STREET | | | | |
|---|---|---|---|---|
| 21. CITY STOCKTON | 22. COUNTY/PROVINCE SAN JOAQUIN | 23. ZIP CODE 95205 | 24. YEARS IN COUNTY 26 | 25. STATE/FOREIGN COUNTRY CA |

**INFORMANT**

| 27. NAME OF INFORMANT/RELATIONSHIP FILIBERTO VALENCIA, FATHER | 28. INFORMANT'S MAILING ADDRESS (Street and number or rural route number, city or town, state, zip) 3234 BARBARA STREET, STOCKTON, CA 95205 |
|---|---|

**SPOUSE/RDP AND PARENT INFORMATION**

| 29. NAME OF SURVIVING SPOUSE/RDP–FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) | |
|---|---|---|---|
| 31. NAME OF FATHER/PARENT–FIRST FILIBERTO | 32. MIDDLE | 33. LAST VALENCIA | 34. BIRTH STATE MEXICO |
| 35. NAME OF MOTHER/PARENT–FIRST GRISELDA | 36. MIDDLE | 37. LAST (BIRTH NAME) CARRILLO | 38. BIRTH STATE MEXICO |

**FUNERAL DIRECTOR/LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy 01/26/2016 | 40. PLACE OF FINAL DISPOSITION SAN JOAQUIN CATHOLIC CEMETERY CEMETERY LANE & HARDING WAY, STOCKTON, CA 95204 | | |
|---|---|---|---|
| 41. TYPE OF DISPOSITION(S) BU | 42. SIGNATURE OF EMBALMER KRISTI DAVIS | | 43. LICENSE NUMBER EMB8374 |
| 44. NAME OF FUNERAL ESTABLISHMENT CANO FUNERAL HOME | 45. LICENSE NUMBER FD1576 | 46. SIGNATURE OF LOCAL REGISTRAR ALVARO GARZA, MD, MPH | 47. DATE mm/dd/ccyy 01/22/2016 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH RESIDENCE | 102. IF HOSPITAL, SPECIFY ONE IP / ER/OP / DOA | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE Hospice / Nursing Home/LTC / Decedent's Home / X Other | |
|---|---|---|---|
| 104. COUNTY SAN JOAQUIN | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) 3133 NICOLE STREET | 106. CITY STOCKTON | |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH Enter the chain of events – diseases, injuries, or complications – that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | | Time interval between Onset and Death | 108. DEATH REPORTED TO CORONER? X YES / NO |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (A) PENDING HISTOLOGY AND TOXICOLOGY | | (AT) | 2016-0148 |
| Sequentially list conditions, if any, leading to cause on Line A. Enter the UNDERLYING CAUSE (Disease or injury that initiated the events resulting in death) LAST (B) | | (BT) | 109. BIOPSY PERFORMED? YES / X NO |
| (C) | | (CT) | 110. AUTOPSY PERFORMED? X YES / NO |
| (D) | | (DT) | 111. USED IN DETERMINING CAUSE? X YES / NO |
| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 | | | |
| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (if yes, list type of operation and date) | | | 113A. IF FEMALE, PREGNANT IN LAST YEAR? YES / NO / UNK |

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Decedent Attended Since mm/dd/ccyy / Decedent Last Seen Alive mm/dd/ccyy | 115. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|

**CORONER'S USE ONLY**

| 118. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. MANNER OF DEATH Natural / Accident / Homicide / Suicide / X Pending Investigation / Could not be Determined | 120. INJURED AT WORK? YES / NO / UNK | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|
| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) | | | |
| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) | | | |
| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) | | | |
| 126. SIGNATURE OF CORONER / DEPUTY CORONER FRANKIE E MEHRER JR | 127. DATE mm/dd/ccyy 01/20/2016 | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER FRANKIE E MEHRER JR, DEPUTY CORONER | |

**STATE REGISTRAR** | A | B | C | D | E | *01000103144433* | FAX AUTH.# | CENSUS TRACT

CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } SS
COUNTY OF SAN JOAQUIN

DATE ISSUED: JAN 26 2016

*007 27732*

This is a true and exact reproduction of the document officially registered and placed on file with San Joaquin County Public Health Services.



ALVARO GARZA, M.D., M.P.H.
LOCAL REGISTRAR

This copy not valid unless prepared on engraved border displaying date and signature of Registrar

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE