1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12  FILIBERTO VALENCIA, SR., et        No.  2:16-cv-2081-JAM-AC
    al.,
13
                    Plaintiffs,
14                                      **ORDER RE: BILL OF COSTS**
         v.
15
    CITY OF STOCKTON, et al.,
16
                    Defendants.
17

18        Following the Court's partial grant of summary judgment and

19   dismissal of the remaining state law claims for lack of subject

20   matter jurisdiction, Defendants filed their Bill of Costs with

21   the Court.  ECF No. 34.  Plaintiffs filed objections on April 25,

22   2018.  ECF No. 37.  The Court set a hearing on the matter for

23   June 5, 2018.  ECF No. 38.  The Court subsequently determined

24   that it could reach a decision on the Bill of Costs without

25   appearance and oral argument and ordered the matter submitted

26   pursuant to E.D. Local Rule 230(g).  ECF No. 47.  For the reasons

27   set forth below, Plaintiffs' objections to Defendants' Bill of

28   Costs are sustained in part and overruled in part.

Filiberto Valencia, Sr., and Griselda Valencia, individually and as successors in interest to Filiberto Valencia, Jr., (collectively "Plaintiffs") sued the City of Stockton, Chief Eric Jones, Sergeant Dana Mosher, Officer Kyle Amant, Officer Jason Digiulio, and Does 1-50 (collectively "Defendants") for the untimely death of their son, Filiberto Valencia, Jr.  Amended Compl. ("FAC"), ECF No. 14.  They alleged ten claims, both state and federal: (1) wrongful death; (2) Fourth Amendment excessive force violation; (3) Fourteenth Amendment due process violation; (4) violation of the Americans with Disabilities Act; (5) violation of the Bane Act; (6) assault; (7) battery; (8) intentional infliction of emotional distress; (9) negligent infliction of emotional distress; and (10) inadequate and reckless training.  Id.  Defendants moved for summary judgment on all claims.  ECF Nos. 21 & 22.  At the April 10, 2018, hearing on Defendants' motion, the Court granted summary judgment on each of Plaintiffs' federal claims, the state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress, and all claims against Stockton Chief of Police Eric Jones.  See April 10, 2018, Hearing Transcript, ECF No. 46.  The Court's judgment on the Fourth Amendment claim turned on qualified immunity.  Id. at 69, 72-74.  With only state claims remaining in the lawsuit, the Court denied supplemental jurisdiction and dismissed those claims without prejudice to Plaintiffs refiling in state court.  ECF No. 32.  Plaintiffs filed their case in the Superior Court for the County of San Joaquin.  See Obj., Attachment.

A.   Legal Standard

Under Federal Rule of Civil Procedure 54(d)(1), costs, other than attorney's fees, should be allowed to the prevailing party in a civil action.  "[T]he rule creates a presumption in favor of awarding costs to a prevailing party[.]"  Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000). "There is a 'prevailing party' when there has been a 'material alteration of the legal relationship of the parties.'"  Miles v. California, 320 F.3d 986, 989 (9th Cir. 2003) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res., 532 U.S. 598, 603 (2001)).

Costs that may be taxed pursuant to Rule 54(d)(1) are enumerated in 28 U.S.C. § 1920.  Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987).  Taxable costs include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Taxable costs are further specified in this Court's Local Rule 292.  A district court retains discretion to refuse to award costs, but must specify reasons for its decision

to do so. Ass'n of Mexican-Am. Educators, 231 F.3d at 591. "The proper inquiry is whether the costs were reasonable at the time that they were incurred." Oyarzo v. Tuolumne Fire Dist., No. 1:11-CV-01271-SAB, 2014 WL 1757217, at *4 (E.D. Cal. Apr. 30, 2014).

    B.   Prevailing Party

    Plaintiffs argue that Defendants are not entitled to collect costs because Plaintiffs' case remains alive and viable in state court. Obj. at 2. They contend that because the Court adjudicated fewer than all the claims, adjudication is not considered final. Id.

    The Court finds that Defendants are the prevailing party and thus entitled to some of their costs pursuant to Rule 54(d). Plaintiffs' cited authority supports, rather than contradicts, this conclusion. The Court's summary judgment ruling altered the legal relationship between the parties because it adjudicated six of Plaintiffs' ten claims and finally held—subject to appeal, ECF No. 40—that Defendants are not liable on those claims. The ruling constitutes a judgment on the merits of those claims. See Buckhannon Bd. & Care Home, Inc., 532 U.S. at 604 ("[E]nforceable judgments on the merits . . . create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees"). In the Ninth Circuit, costs should be awarded even if judgment is entered without prejudice to the plaintiff seeking available relief in state court. See Miles, 320 F.3d at 989 (awarding costs to the defendant where the district court denied plaintiff's ADA claim on the merits but dismissed the underlying case without prejudice to plaintiff's

4

1   right to seek any available relief in state court).

2       C.   <u>Taxable Costs</u>

3       Plaintiffs object to Defendants pursuit of "non-authorized
4   costs."  Obj. at 3.  Plaintiffs object to:

5       • Costs for depositions apart from those of DiGiulio,
6           Amant, Mosher, Melinek, Jones, Omalu, and Clark
7           (Stevens Decl. at 1–2, Exh. B)[1];

8       • Costs for deposition fees apart from the transcripts
9           (Stevens Decl. at 1–2, Exh. B);

10      • Videotapes purchased in preparation for trial (Stevens
11          Decl. at 3, Exh. C);

12      • Witness fees for Anita Zannin (Stevens Decl. at 4); and

13      • Costs for interpreters and interpretation services
14          (Stevens Decl. at 5).

15      The Court faces a unique situation.  Although Defendants
16  prevailed on six of Plaintiffs' claims, the Court denied summary
17  judgment on four other claims.  Those claims are moving forward
18  in state court.  Accordingly, the Court finds it proper to award
19  only those costs necessarily related to the claims adjudicated in
20  the Court's summary judgment ruling.  <u>See</u> <u>Pierce v. Cnty. of</u>
21  <u>Orange</u>, 905 F. Supp. 2d 1017, 1049 (C.D. Cal. 2012) ("It is
22  within the discretion of a district court to . . . apportion
23  costs on successful and unsuccessful claims" or to "reduce an
24  award of taxable costs to reflect only partial success.") (citing
25  <u>Amarel v. Connell</u>, 102 F.3d 1494, 1523 (9th Cir.1996) and <u>Barber</u>
26  <u>v. T.D. Williamson</u>, Inc., 254 F.3d 1223, 1234 (10th Cir.2001)).

27  _____
    [1] Because counsel's Declaration contains duplicative paragraph
28  numbers, the Court cites to the page number.

This determination necessarily narrows the range of awardable
costs and this Order should not be relied upon to limit awardable
costs outside of the circumstances presented in this case.
Furthermore, this Order should not be read to prejudice a future
award of the costs denied herein in state court.

The posture of this case calls for an award of only those
costs related to the issues that proved dispositive in summary
adjudication.  For Plaintiffs' Fourth Amendment claim, the ruling
turned on qualified immunity and thus whether the facts of a
prior case put the officers on notice that their conduct was
unconstitutional.  See White v. Pauly, 137 S. Ct. 548, 551
(2017).  Accordingly, the details of the circumstances the
officers faced were critical.  With the due process claim, the
principle question was whether the officers had time to
deliberate and whether they had a "purpose to harm" Valencia.
See Wilkinson v. Torres, 610 F.3d 546, 554 (9th Cir. 2010).  This
claim, too, turned on the manner in which the altercation between
the officers and Valencia escalated.  Plaintiffs' ADA claim
depended on whether the officers knew of Valencia's disability.
See Sincerny v. City of Walnut Creek, No. 17-CV-02616-HSG, 2017
WL 4642432, at *5 (N.D. Cal. Oct. 17, 2017).  The Monell claims
related to the policies and practices of the Stockton Police
Department and the relationship between those policies and any
constitutional violation.  See Anderson v. Warner, 451 F.3d 1063,
1070 (9th Cir. 2006).  The claims against Chief Jones in his
individual capacity depended on his personal involvement in the
incident or the causal connection between his conduct and any
constitutional violation.  See Booke v. Cnty. of Fresno, 98 F.

Supp. 3d 1103, 1128–29 (E.D. Cal. 2015).  Lastly, the Court
adjudicated the intentional and negligent infliction of emotional
distress claims on legal grounds.  See Thing v. La Chusa, 48 Cal.
3d 644, 647 (1989); Martin v. Cal. Dep't of Veterans Affairs, 560
F.3d 1042, 1051 (9th Cir. 2009).  In sum, the critical issues for
Defendants' summary judgment motion were: what transpired between
the officers and Valencia, what the officers knew at the time the
altercation occurred, and what policies and practices the
Stockton Police Department had in place.

### 1.   Deposition Transcripts

Defendants seek costs for all thirty-two depositions taken
in this case.  Stevens Decl. at 2.  Plaintiffs argue that
Defendants should not collect costs for all thirty-two
depositions because only eight of those depositions were
necessary for their motion for summary judgment.  Obj. at 3–4.
They also argue that some of the expenses listed on the invoices
go beyond the allowable fees for transcripts.

Defendants only cited to fourteen deposition transcripts in
support of their motion for summary judgment.  ECF No. 22-1, 2.
Most of these depositions were necessary to defend against the
claims upon which Defendants prevailed and are therefore taxable.
The deposition transcripts for DiGuilio, Amant, and Mosher were
certainly necessary because they witnessed and participated in
the critical events that transpired in this case.  The deposition
transcripts for the two Stockton Police Department dispatchers
(Teague and Washington) were also necessary to help establish
what information the officers possessed prior to their encounter
with Valencia.  The deposition of Robert Clark pertained to the

reasonableness of the officers' actions and the adequacy of the Stockton Police Department's policies and procedures. The deposition of Chief Jones similarly addressed the department's policies and procedures. Bennet Omalu's deposition was necessary because he was the County Chief Medical Examiner who examined Valencia post-mortem and prepared the autopsy report. He opined on what transpired between the officers and Valencia based on his observations. Judy Melinek's testimony similarly relayed her conclusions about Valencia's injuries and what occurred the night of his death. The Court also accepts that the deposition of Sarah Lambert was necessary to introduce the scale model drawing of the bathroom in which the critical altercation happened.

The depositions of Valencia's family members had little to no bearing on Defendants' summary adjudication victory. None of those family members witnessed the altercation between Valencia and the police officers and so their testimony was not necessary to resolving the dispositive issues in Defendants' favor. See Oyarzo v. Tuolumne Fire Dist., No. 1:11-CV-01271-SAB, 2014 WL 1757217, at *7 (E.D. Cal. Apr. 30, 2014) ("[D]epositions that are purely investigative or merely for the convenience of counsel may not be taxed against the opposing party.").

For these reasons, Defendants are entitled to collect costs for the deposition transcripts of Kim Washington, Sharyl Teague, Jason DiGiulio, Roger Clark, Dana Mosher, Kyle Amant, Eric Jones, Bennet Omalu, Judy Melinek, and Sarah Lambert. They are not entitled to collect costs for the deposition transcripts of the other individuals deposed. Again, this conclusion does not prejudice any future award of those costs if later determined

appropriate.

Plaintiffs also object to Defendants collecting costs beyond the copy of the transcript. The relevant Local Rule includes "court reporter's fees" as a taxable cost, not just the cost of the transcript itself. E.D. Local Rule 292(f)(3). The Court finds that the court reporter's per diem fee, "swear in witness" fee, and "production and handling" fee are necessarily included in "court reporter's fees" and are thus taxable as to the depositions of Melinek and Clark. See Peacock v. Horowitz, No. 2:13-CV-02506-TLN-AC, 2016 WL 7034874, at *3 (E.D. Cal. Dec. 2, 2016) ("As to Defendant's request for the reimbursement of the deposition reporter's appearance fees and the costs of shipping and handling, the Court finds that those costs are also recoverable as 'court reporter's fees' under 28 U.S.C. § 1920(2) and Local Rule 292(f)(3)."). The Court will also accept that pages copied as exhibits to the deposition transcripts were necessary to create a complete record. However, Defendants have not cited any basis for recovering costs for the "E-Mail Rough Draft" on Judy Melinek's invoice or for extra digital copies of files (by CD for Melinek and by Memory Stick for Clark). These additional costs may not be recovered.

Based on the above findings, the following deposition costs are taxable pursuant to E.D. Local Rule 292(f)(3):

Kim Washington: $206.55,

Sharyl Teague: $260.60,

Jason DiGiulio (1): $758.00,

Jason DiGiulio (2): $150.35,

Roger Clark: $1,950.40,

Dana Mosher: $378.20,

Kyle Amant: $404.00,

Eric Jones: $453.70,

Bennet Omalu: $745.65,

Judy Melinek: $1,734.15,

Sarah Lambert: $329.35,

For a total of: **$7,370.95.**

### 2. Videotapes of Depositions

District courts in the Eastern District of California have found videotaped deposition costs taxable under § 1920(2) where such video depositions were necessarily obtained for use at trial. See Cargill Inc. v. Progressive Dairy Solutions, Inc., No. CV-F-07-0349-LJO-SMS, 2008 WL 5135826 (E.D. Cal. Dec. 8, 2008); Oyarzo v. Tuolumne Fire Dist., No. 1:11-CV-01271-SAB, 2014 WL 1757217, at *9 (E.D. Cal. Apr. 30, 2014) (denying costs for video depositions where plaintiffs did not show "that video recording the depositions was 'necessarily obtained' for use in this trial, rather than merely for the convenience of counsel."); Anselmo v. Cnty. of Shasta, Cal., No. CIV. 2:12-361 WBS, 2013 WL 3773893, at *3 (E.D. Cal. July 17, 2013) (denying costs for video depositions where defendants submitted invoices for both video and stenographic depositions and failed to explain why both were necessary). Defendants claim they "needed to obtain copies of the videos to have the same information available to them in preparation for trial." Stevens Decl. at 3.

Defendants are not entitled to costs for the video recordings at this point. They did not rely upon the videos in preparation for summary judgment or in their motion. For the

purposes of summary judgment, the deposition transcripts were sufficient.  Given the unique posture of this case, the Court will not award costs for the videos.

### 3.    Witness Fees

Because the Court has limited costs to those directly related to claims summarily adjudicated, Defendants cannot recover witness fees for Anita Zannin.  Defendants did not cite to or rely on her deposition in their motion and her testimony remains relevant to the state court action.

Defendants are therefore only entitled to the $40 per diem fee for Judy Melinek and Roger Clark.

### 4.    Costs For Interpreters and Interpretation Services

Costs for interpreters and interpretation services are recoverable under the relevant statute and local rule.  See 28 U.S.C. § 1920; E.D. Local Rule 292(f)(3).  However, because the Court has found Defendants are not entitled to deposition costs for the Valencias, the Court will not award costs for the interpretive services used for the purposes of those depositions.

## III.  ORDER

For the reasons set forth above, only the following costs shall be taxed to Plaintiffs:

Fees for the service of summons and subpoena: $60.00,

Fees for transcripts: $7,370.95,

Fees and disbursements for printing: $183.70,

Fees for witnesses: $80.00,

Fees for exemplification and copies:  $317.00,

Docket fees: $20,

For a total of: **$8,031.65.**

IT IS SO ORDERED.

Dated:   July 13, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE