UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FILIBERTO VALENCIA, SR., et al., Plaintiff, v. CITY OF STOCKTON, et al., Defendants. | ) ) ) ) ) ) ) ) ) ) | Case No. 2:16-cv-2081-JAM-AC **ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEYS FEES** |

This matter is before the Court on Defendants' Motion for Attorneys' Fees. ECF No. 39. Because Defendants partially prevailed on summary judgment, they contend they are entitled to a portion of their fees. Plaintiffs oppose the motion. ECF No. 48. For the reasons set forth below, Defendants' motion is granted in part.[1]

I. BACKGROUND

Filiberto Valencia, Sr., and Griselda Valencia, individually and as successors in interest to Filiberto Valencia, Jr., (collectively "Plaintiffs") sued the City of Stockton, Chief Eric

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 7, 2018.

Jones, Sergeant Dana Mosher, Officer Kyle Amant, Officer Jason Digiulio, and Does 1-50 (collectively "Defendants") for the untimely death of their son, Filiberto Valencia, Jr. Amended Compl., ECF No. 14. They alleged ten claims, both state and federal: (1) wrongful death; (2) Fourth Amendment excessive force violation; (3) Fourteenth Amendment due process violation; (4) violation of the Americans with Disabilities Act; (5) violation of the Bane Act; (6) assault; (7) battery; (8) intentional infliction of emotional distress; (9) negligent infliction of emotional distress; and (10) inadequate and reckless training. Id. Defendants moved for summary judgment on all claims. ECF Nos. 21 & 22. At the April 10, 2018, hearing on Defendants' motion, the Court granted summary judgment on each of Plaintiffs' federal claims, the state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress, and all claims against Stockton Chief of Police Eric Jones. See April 10, 2018, Hearing Transcript, ECF No. 46. With only state claims remaining in the lawsuit, the Court declined supplemental jurisdiction and dismissed those claims without prejudice to Plaintiffs refiling in state court. ECF No. 32.

## II. OPINION

### A. Legal Standard

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney[s'] fees." Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 415 (1978) (citing Alyeska Pipeline Co. v. Wilderness Soc'y, 421 U.S. 240 (1975)). Courts will deviate from this rule when required by statute or an

agreement between the parties. Both federal and state law permit an award of attorneys' fees to a prevailing party in limited circumstances. A prevailing party is one who obtains a judgment in its favor that effects a material alteration in the legal relationship of the parties. See Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt., 589 F.3d 1027, 1030 (9th Cir. 2009); Urbaniak v. Newton, 19 Cal. App. 4th 1837, 1843 (Ct. App. 1993), as modified on denial of reh'g (Dec. 13, 1993) ("Our Supreme Court has noted that the rule followed by federal courts in construing the term 'prevailing party' is similar to the inquiry undertaken by state courts determining whether a party is 'successful' under section 1021.5."). A party need not prevail on all claims in order to receive attorneys' fees. See Robinson v. City of Chowchilla, 202 Cal. App. 4th 382, 393 (2011).

Federal law "encourage[s] individuals to seek relief for violations of their civil rights" and an award of fees to a prevailing defendant is properly limited to exceptional circumstances. Harris v. Maricopa Cty. Super. Ct., 631 F.3d 963, 968 (9th Cir. 2011). "In any action or proceeding to enforce a provision of [section 1983] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. However, where a prevailing defendant seeks fees, the plaintiff should not be ordered to pay "unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co., 434 U.S. at 422. "In determining whether this standard has been met, a district court must assess the claim at

the time the complaint was filed, and must avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1060 (9th Cir. 2006) (quotation marks and citations omitted). The same standard applies to the recovery of fees for claims brought under the ADA. See Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997).

State law also provides for a defendant's recovery of attorneys' fees in a limited set of circumstances. Defendants argue they are entitled to fees under California Code of Civil Procedure section 1021.7:

> In any action for damages arising out of the performance of a peace officer's duties, brought against a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, or against a public entity employing a peace officer or in an action for libel or slander brought pursuant to Section 45 or 46 of the Civil Code, the court may, in its discretion, award reasonable attorney's fees to the defendant or defendants as part of the costs, upon a finding by the court that the action was not filed or maintained in good faith and with reasonable cause.

Cal. Civ. Proc. Code § 1021.7. The absence of either good faith or reasonable cause in filing or maintaining the action is sufficient grounds for awarding fees under this section. See Salazar v. Upland Police Dep't, 116 Cal. App. 4th 934, 949 (Ct. App. 2004) (citing Carroll v. Cal., 217 Cal. App. 3d 134, 141 (Ct. App. 1990)). "Good faith" has been said to defy precise definition, but, at minimum, encompasses the equitable principle of fairness. Id. at 950. "Reasonable cause is defined as whether any reasonable attorney would have thought the claim tenable." Id. "At a minimum, the standard of reasonable cause requires that the plaintiff's

attorney have some articulable facts on which he can conclude that a particular person should be named as a defendant." Ramsey v. City of Lake Elsinore, 220 Cal. App. 3d 1530, 1540 (Ct. App. 1990).

In cases with mixed results, the Court must scrutinize a request for fees more closely. Under federal law, "a defendant is entitled only to 'the amount of attorneys fees attributable exclusively to' a plaintiff's frivolous claims." Harris, 631 F.3d at 971 (citation omitted) (emphasis added). In such case, the "defendant bears the burden of establishing that the fees for which it is asking are in fact incurred solely by virtue of the need to defend against those frivolous claims." Id. Accordingly, a defendant must demonstrate that the work for which it asserts that it is entitled to fees would not have been performed but for the inclusion of the frivolous claims in the complaint. Id. at 972. "Where, as here, the plaintiff seeks relief for violation of his civil rights under various legal theories based on essentially the same acts, and a number of his claims are not frivolous, the burden on the defendant to establish that fees are attributable solely to the frivolous claims is from a practical standpoint extremely difficult to carry." Id.

Distinctly, under California law, a defendant need not isolate fees attributable to unfounded claims in order to recover. "When a cause of action for which attorney fees are provided by statute is joined with other causes of action for which attorney fees are not permitted, the prevailing party may recover only on the statutory cause of action." Akins v. Enter. Rent-A-Car Co. of S.F., 79 Cal. App. 4th 1127, 1133 (Ct. App. 2000). However, state law provides that where fees are "incurred for representation of an issue common

to both a cause of action for which fees are permitted and one for which they are not," such fees need not be apportioned. Id. "When the liability issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not, then allocation is not required." Id. "All expenses incurred on the common issues qualify for an award." Id.

B. Awardable Fees

In deciding whether to award Defendants their Bill of Costs, the Court concluded that Defendants are the prevailing party in this litigation. See Order Re: Bill of Costs, ECF No. 49. The Court's summary judgment order materially altered the legal relationship of the parties: it finally adjudicated, on the merits, six of Plaintiffs' ten claims. Thus, Defendants are the prevailing party for purposes of this motion as well. See Citizens For Better Forestry v. U.S. Dep't of Agr., 567 F.3d 1128, 1131 (9th Cir. 2009) ("An award of attorneys' fees must be preceded by a material alteration of the legal relationship of the parties.").

Prevailing party status is an insufficient basis upon which to award attorneys' fees without additional authority to do so. In this case, Defendants argue they are entitled to attorneys' fees for prevailing on their federal claims because these claims were "frivolous, unreasonable, or without foundation." Mot. at 3. They argue they are entitled to fees on the state claims on which they prevailed because those claims were not made in good faith and with reasonable cause. Id.

1. Monell Claim

Defendants argue that Plaintiffs' Monell claim was frivolous,

unreasonable, or groundless because Plaintiffs knew the Stockton Police Department's policies were all appropriate, failed to offer evidence of a practice or custom, and because caselaw establishes that a single failure to discipline does not constitute ratification. Mot. at 7. Plaintiffs respond that they made a good faith, factually supported argument that the department had a policy of failing to investigate its officers' actions and stalling investigations, encouraging the type of behavior that caused Valencia's death. Opp'm at 8.

The Court agrees with Plaintiffs. At the outset of the case, Plaintiffs had a reasonable basis for believing that the Stockton Police Department's policies had contributed to Valencia's death. While some of Plaintiffs' initial theories proved unsupported through discovery, Plaintiffs advanced a tenable theory of relief in their opposition to summary judgment. As the Court noted at the hearing, the Department's procedures for reviewing use of force incidents involving their officers—specifically, lengthy delays in completing their reviews—could arguably contribute to constitutional misconduct. The Court found Plaintiffs' evidence insufficient to establish that the deficiency identified caused the injury in this case, but the claim was not frivolous. Defendants are not entitled to fees for this claim.

2. ADA Claim

Defendants argue Plaintiffs' ADA claim was frivolous because multiple records show the officers had no prior knowledge of Valencia's mental illness. Mot. at 6-7. Plaintiffs argue that the evidence of the Valencia family's efforts to alert the Stockton Police Department to that mental illness and their evidence showing

the officers could tell something was off about Valencia support their claim. Opp'n at 7.

The Court finds that Plaintiffs' ADA claim was neither frivolous or groundless. At the outset of litigation, Plaintiffs had a reasonable basis for asserting the claim given their efforts to alert the Stockton Police Department of Valencia's mental illness. Only after discovery progressed could they have determined that the officers did not receive this information. Compare Reply at 4 (pointing out that Plaintiffs' counsel deposed the officers on June 26, 2017) with Def. Exh. C (documenting fees attributable to the ADA claim, beginning October 7, 2016). Furthermore, a plaintiff can maintain an ADA claim based on a reasonable accommodation theory when one's "disability is obvious." See Lawman v. City & Cnty. of S.F., 159 F. Supp. 3d 1130, 1149 (N.D. Cal. 2016). In their opposition to the summary judgment motion, Plaintiffs cited testimony from the officers that indicated the officers could tell something was wrong with Valencia. Although they did not prevail, Plaintiffs did cite some evidence in support of their claim and it was not entirely baseless. The Court declines to award attorneys' fees for this claim.

3. Federal Claims against Chief Jones

Defendants seek fees incurred defending Chief Jones against the excessive force, due process, and Monell claims. As Plaintiffs point out, Defendants make no effort to isolate fees attributable to work spent solely on defending these claims against Chief Jones. See Opp'n 9; Mot. at 8; Suntag Decl. Indeed, it is not readily apparent what work would have been saved by his dismissal earlier in the lawsuit. The parties each relied on his deposition in

support of and opposition to the Monell claim. See Mot. for Summ. J.; Opp'n to Summ. J. Because Defendants failed to meet their burden of establishing which fees are solely attributable to defending the federal claims against Chief Jones, the Court does not award fees related to these claims.

4. State Law Claims

Defendants seek attorneys' fees on Plaintiffs' intentional infliction of emotional distress and negligent infliction of emotional distress claims. Because these are state law claims brought against peace officers, California Code of Civil Procedure section 1021.7 applies. The Court may therefore award fees if it finds these claims were not filed or maintained in good faith and with reasonable cause.

The Court finds these two emotional distress claims were not maintained with reasonable cause. As Defendants point out, Plaintiffs' brief in opposition to the motion for summary judgment did not address negligent infliction of emotional distress at all. Additionally, Plaintiffs' defense of their intentional infliction of emotional distress claim was a citation to Chaudry v. City of Los Angeles, a case which held that California's prohibition against pre-death pain and suffering does not apply to § 1983 claims. 751 F.3d 1096 (9th Cir. 2014); Opp'n to Summ. J. at 20. That case has no bearing on Plaintiffs' state law emotional distress claims. Under California law, Valencia's emotional distress claims did not survive his death. See Martin v. Cal. Dep't of Veterans Affairs, 560 F.3d 1042, 1051 (9th Cir. 2009) (applying California Code of Civil Procedure section 377.34). Plaintiffs did not have reasonable grounds to maintain these claims

against Defendants and the Court therefore award attorneys' fees.

Defendants also seek fees for the state law claims against Chief Jones. Indeed, Plaintiffs did not oppose summary judgment on those claims against Chief Jones and had no apparent basis for maintaining their claims against him. See Transcript at 9:13–10:3; 11:20–12:2. The Court finds these claims were also not maintained against Chief Jones with reasonable cause.

Defendants' motion and accompanying Declaration do not isolate fees attributable to the defense of each individual cause of action but instead seek a "pro rata" award for defense of their state law claims. The Court exercises caution in this area. Federal law is clear that in a civil rights action "a defendant is entitled only to 'the amount of attorneys' fees attributable exclusively to' a plaintiff's frivolous claims." Harris, 631 F.3d at 971. The Ninth Circuit has explained:

> In a civil rights case, such as this one, the pro-rata allocation of general fees between claims for which a fee award is appropriate and claims for which such an award is not appropriate, based solely on the number of claims, is impermissible, for reasons that go to the heart of our civil rights policy.

Id. Despite the breadth of this statement, the Harris rule does not extend beyond the scope of those attorneys' fees awardable under 42 U.S.C. § 1988. See id. at 972 (separately discussing fees awarded under the Arizona statute; finding that the same rule applies under Arizona law); Braunstein v. Arizona Dep't of Transp., 683 F.3d 1177, 1189 (9th Cir. 2012) (denying fees under § 1988 where frivolous and non-frivolous claims were intertwined). Under state law, while Defendants may only recover on causes of action for which attorneys' fees are recoverable, those fees need not be

apportioned when incurred for representation on issues common to causes of action for which fees are permitted and ones for which they are not. Akins, 79 Cal. App. 4th at 1133. The Court may therefore award fees on the unfounded state law claims even though Defendants could not isolate fees incurred exclusively in defense of those claims.

The Court, in its discretion, finds that a reduced fee award is appropriate here. See Cal. Civ. Proc. Code § 1021.7 ("In any action for damages arising out of the performance of a peace officer's duties . . . the court may, in its discretion, award reasonable attorney's fees[.]"). The principles undergirding the Harris decision—i.e., encouraging civil rights plaintiffs to bring suit and promoting vigorous enforcement of the civil rights laws—compel careful scrutiny of Defendants' request given that the federal claims made up the weight of Plaintiffs' case and the analogous state claims (e.g., the Bane Act claim) survived summary judgment. See Harris, 631 F.3d 963, 972 (9th Cir. 2011) ("[To] simply divide[] a defendant's total attorneys['] fees equally across plaintiff's frivolous and nonfrivolous claims and attribute to the frivolous civil rights claims a pro-rata share of those total fees . . . would be to risk requiring a plaintiff to pay defendants' attorneys fees incurred in defeating his nonfrivolous civil rights claims, an outcome barred by our precedent and that of the Supreme Court."). Defendants expended resources defending against the unfounded state claims and are entitled to some compensation. But, those fees should be limited. The negligent infliction of emotional distress claim, intentional infliction of emotional distress claim, and state claims against Chief Jones were

adjudicated on legal grounds. Nearly no facts outside of the pleadings were necessary for their adjudication; the discovery and investigation in this case had no—or nearly no—bearing on the outcome. Defendants' Motion for Summary Judgment devoted just one page to the emotional distress claims and contained about one paragraph relevant to Chief Jones' liability on the state law claims. See Mot. for Summ. J. at 20-21; 24-25. Although Defendants raised a factual defense to the intentional infliction of emotional distress claim, the Court did not grant summary judgment on that basis. See id. at 25; Transcript at 23:6–24:6. The Court concludes that Defendants' victory on these claims entitles them to a portion of their fees for preparing the motion for summary judgment, bill of costs, and motion for attorneys' fees. Such limitation accords with California precedent on apportioning fees and the rule that fees only be awarded for work reasonably expended.

C. Fee Calculation

When evaluating requests for attorneys' fees, a court begins by calculating the lodestar amount, which involves multiplying the number of hours reasonably expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Villarreal v. Aircom Mech., Inc., No. 5:13-CV-00180 HRL, 2015 WL 3465774, at *1 (N.D. Cal. June 1, 2015) ("Whether calculating attorney's fees under California or federal law, courts follow the lodestar approach."). In this case, fees will only be awarded for the motion for summary judgment, bill of costs, and motion for attorneys' fees, and will be further reduced to ensure Defendants only recover fees in proportion to hours expended to defeat the

unfounded state claims.

Counsel's Declaration states that he (Dana Suntag) and Joshua Stevens performed the majority of work in this case. Suntag Decl. ¶ 8. Mr. Suntag has practiced law for over thirty years and has spent the last fifteen years focused on litigation involving civil rights and public entity defense. Id. ¶ 6. His hourly rate is $350. Id. ¶ 3. Joshua Stevens has thirteen years of litigation experience and bills at $295 per hour. Id. ¶ 8. The Court finds both of these rates reasonable and commensurate with rates in the Sacramento community. See Monterrubio v. Best Buy Stores, L.P., 291 F.R.D. 443, 460 (E.D. Cal. 2013) ("As many cases in the Eastern District [] observe, 'prevailing hourly rates in the Eastern District of California are in the $400/hour range.'"). Defendants also seek fees for several other associates and a paralegal, but the supporting Declaration does not address the experience of these individuals or the reasonableness of their rates. Accordingly, the Court presumes that each of the associates, Benjamin Codog and Daniella Green, are first year associates and will award fees at a rate of $185 per hour. See Gauchat-Hargis v. Forest River, Inc., No. 2:11-CV-02737-KJM, 2013 WL 4828594, at *10 (E.D. Cal. Sept. 9, 2013) (awarding a rate of $200 per hour for junior associates). The Court will reduce Audrey Dutra's rates to $75 per hour. See Passport Health, Inc. v. Travel Med, Inc., No. 2:09-CV-01753-GEB, 2011 WL 6211874, at *2 (E.D. Cal. Dec. 14, 2011) (awarding $75 per hour for paralegals). The Summer Associate mentioned in Exhibit A did not perform any work on the motions at issue.

The Court has carefully reviewed the spreadsheets of counsels' time records in this case to determine the number of compensable

hours. See Def. Exh. B. The total hours expended and corollary fees are as follows:

| Name | Hours Expended | Hourly Rate | Total |
|---|---|---|---|
| **Fees Incurred for Motion for Summary Judgment** | | | |
| Dana A. Suntag | 50.1 | $350.00 | $17,535.00 |
| Joshua J. Stevens | 137.3 | $295.00 | $40,503.50 |
| Benjamin J. Codog | 25.7 | $185.00 | $4,754.50 |
| Daniella G. Green | 8 | $185.00 | $1,480.00 |
| Audrey A. Dutra | 5.2 | $75.00 | $390.00 |
| Total | 226.3 | --- | $64,663.00 |
| **Fees Incurred for Attorneys' Fees Motion and Bill of Costs** | | | |
| Dana A. Suntag | 6.7 | $350.00 | $2,345.00 |
| Joshua J. Stevens | 45.8 | $295.00 | $13,511.00 |
| Benjamin J. Codog | 3.4 | $185.00 | $629.00 |
| Audrey A. Dutra | 1.2 | $75.00 | $90.00 |
| Total | 57.1 | --- | $16,575.00 |
| **Grand Total** | **283.4** | **---** | **$81,238.00** |

The Court determined the hours to be awarded by consulting the details provided for each time entry and awarding fees for those items clearly related to the enumerated motions. Daniella Green's hours were reduced because the number of hours spent researching a single issue—17.7 hours on the admissibility of out-of-court, unsworn statements—appeared excessive.

In their motion, Defendants proposed a pro rata apportionment of fees. Because the emotional distress claims were two of ten total claims, they suggest they receive 20% of their fees for those claims. Mot. at 13-14. They add an additional 11.11% to account for the claims against Chief Jones, resulting in a request for 31.11% of their fees. Id. Given the simplicity of the issues on these claims, the Court awards fifteen percent of the "Grand Total" reached above: five percent for each emotional distress claim and five percent for the state claims against Chief Jones. The Court finds that fifteen percent reflects both the reasonable and actual efforts expended to prevail on these claims and pursue related fees. Defendants shall be awarded $12,185.70.

III. ORDER

For the reasons set forth above, the Court GRANTS IN PART Defendants' Motion for Attorneys' Fees and awards Defendants $12,185.70

IT IS SO ORDERED.

Dated: August 17, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE