UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| FILIBERTO VALENCIA, SR., et al., | No. 2:16-cv-02081 JAM-AC |
|---|---|
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER AWARD OF COSTS TO DEFENDANTS** |
| v. | |
| CITY OF STOCKTON, et al., | |
| Defendants. | |

On July 13, 2018 this Court issued its Order Re: Bill of Costs (ECF No. 49) awarding costs in the amount of $8,031.65 to Defendants. Plaintiffs now seek reconsideration of this Order and asks this Court to reverse its award in its entirety or, in the alternative, reduce the award to $343.70 (ECF No. 52). Defendants oppose this Motion (ECF No. 54).

Under Federal Rule of Civil Procedure 60(b) and Eastern District Local Rule 230(j) a party seeking reconsideration must set forth new or different material facts and circumstances that did not exist or were not shown upon prior motion which would justify the relief being sought. Plaintiffs' Motion fails to offer any change in the law or circumstances and is simply a

1

rehashing of unsuccessful arguments previously made in opposition to Defendants' original Bill of Costs.

Plaintiffs first argue that the Ninth Circuit's subsequent application of Kisela v. Hughes, 138 S.Ct. 1148 (2018), shows that Kisela's holding is not as restrictive as this Court might have interpreted it to be. Plaintiffs mistakenly believe that this Court relied heavily on Kisela in reaching its ruling on qualified immunity and argue the Court should reconsider its award of costs, presumably because Plaintiffs are likely to prevail on appeal on this issue. The Court disagrees. Although the Court discussed the Kisela case with the parties and the case was certainly instructive, it was not essential to the Court's ruling on Defendants' Motion for Summary Judgment. Rather, the qualified immunity analysis relied on the qualified immunity standard set forth in White v. Pauly, 137 S. Ct. 548 (2017). The Court did refer to Kisela v. Hughes as reiterating these principles, but did not regard Kisela as effecting a substantial change in the law. Instead, none of the cases cited in Plaintiffs' brief were comparable to the facts in this case such that it would put the Defendants on notice that their conduct was unconstitutional. As the Court also noted, none of the cases relied upon by Plaintiffs involved a quickly escalating situation with the level of threat to public or officer safety that existed in the case at bar.

Plaintiffs next argue that the Court should reconsider the cost award because the Court wrongly decided that Defendants were the prevailing parties. This argument was already considered and disposed of in the Court's Order. Plaintiffs' Motion herein

simply attempts to expand upon the argument raised in their Objections to the Bill of Costs (ECF No. 37). Plaintiffs argue that Defendants are not the prevailing parties because the case was dismissed for lack of jurisdiction. While it is true that Defendants were not the prevailing parties on the state law claims dismissed for lack of jurisdiction, the Defendants are the prevailing parties on the federal claims and two state law claims, and those claims are the basis for Defendants' prevailing party status and the award of costs. Plaintiffs also argue that because the remaining claims were dismissed for jurisdictional reasons, the award of costs is governed by 28 U.S.C. § 1919, which is a permissive rather than mandatory standard. This argument also fails because Defendants are the prevailing parties on multiple claims and costs were awarded based on that success, not based on the fact that the remaining claims were dismissed for lack of jurisdiction.

Finally, Plaintiffs argue the cost award should be reversed because some costs were awarded for items that will be central to the state court proceedings. This argument was already considered and accounted for in the Court's award of costs. Plaintiffs also argue they should not have to pay for a set of autopsy photographs that Defendants preserved for use at trial. Plaintiffs did not object to this expense in their Objections to the Bill of Costs and they have not explained why this objection was not raised previously.

In sum, Plaintiffs clearly disagree with the Court's Order awarding costs to Defendants but have used this Motion only to reargue and expand upon objections that the Court already

considered.  The only "new" information is the recent Ninth Circuit applications of the Kisela case.  As noted above, Kisela was not central to the Court's ruling and its subsequent application is not a basis for reconsidering the award of costs.  For all of the reasons set forth above, Plaintiffs' Motion for Reconsideration herein is denied.

    IT IS SO ORDERED.

Dated:  October 10, 2018

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE